UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHONDELL KILLEBREW,

       Plaintiff,

v.

JOHN HUSZ, CAPTAIN CAIRA,
MS SCHUBEFEL, HEATHER PAULSEN,
IONE GUILLONTA, and SR JOHNSON,

       Defendants.

Case No. 11-CV-00472-JPS

**ORDER**

  The plaintiff is proceeding *pro se* in this 42 U.S.C. § 1983 action on a due process claim alleging deficiencies in a disciplinary hearing and the subsequent appeals process. Now before the court is the defendants' motion to dismiss for failure to state a claim and motion for summary judgment for failure to exhaust administrative remedies.

  The defendants submit that the plaintiff's complaint should be dismissed for failure to state a claim because: (1) it is barred by *Heck v. Humphrey*, because a challenge to the prison disciplinary action where it has not been overturned necessarily implies the invalidity of the disciplinary action; and/or (2) the plaintiff cannot establish a procedural due process claim because he had adequate post-deprivation state remedies. In the alternative, the defendants argue that they are entitled to summary judgment because the plaintiff failed to exhaust his administrative remedies regarding this claim.

1.   **Motion for Summary Judgment for Failure to Exhaust**

   1.1   **Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

**1.2    Facts**[1]

On March 28, 2011, the plaintiff received an adult conduct report (No. 2126090) for major offenses relating to his actions during the intake process at the Milwaukee Secure Detention Facility (MSDF) on March 22, 2011. The plaintiff opted for a due process hearing, which was held on April 5, 2011. The conduct report was upheld, and the plaintiff received 90 days of disciplinary separation as punishment. The plaintiff filed an appeal of the hearing officer's decision on April 6, 2011, and the warden affirmed the decision and the sentence on April 15, 2011.

The plaintiff also filed an offender complaint (No. MSDF-2011-6864) on April 5, 2011, regarding procedural deficiencies in the hearing on the conduct report. This complaint was rejected by inmate complaint examiner (ICE) Heather Paulsen. She wrote:

> Complaints abut conduct reports that have not gone through the appeal process would infringe upon due process. You should address these issues through a conduct report appeal. The Inmate Complaint Review System may be used to challenge any procedural errs after a conduct report has been heard and the appeal process has been exhausted. If you wish to appeal this rejection, you may request the form from the officer's station on your unit.

(ICE Rejection, April 7, 2011). The plaintiff requested review of the rejected complaint, but the reviewing authority determined on April 15, 2011, that the complaint was appropriately rejected by the ICE.

---

[1] The Facts are taken from the defendants' Proposed Findings of Fact, to the extent they are supported by admissible evidence, as well as the plaintiff's sworn Amended Complaint and the documents attached to his unsworn (and unsigned) brief. Although the documents submitted by the plaintiff would not be admissible in their current form without authentication, the court has reviewed the documents and will consider them to speak for themselves at this stage in the litigation.

The plaintiff did not file any other offender complaints alleging his due process rights were violated with regard to his April 2011 conduct report hearing or appeal.

**1.3     Exhaustion**

The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. 104-134, 110 Stat. 1321 (1996), provides that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e)a.  Exhaustion of administrative remedies is a condition precedent to suit.  *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002).  Section 1997e applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  One purpose of the exhaustion requirement is to allow prison officials time and opportunity to respond to complaints internally before an inmate initiates litigation.  *Id.* at 524-25.  To provide officials with sufficient notice, inmates must file grievances at the place and time and with the information required by the prison's administrative rules.  *Strong v. David*, 297 F.3d 646, 649 (7th Cir. 2002). The PLRA exhaustion requirement requires "proper exhaustion," meaning that a prisoner must comply with the applicable procedural rules. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (prisoner does not satisfy exhaustion requirement by filing untimely or otherwise procedurally defective administrative grievances or appeals).

A suit filed by a prisoner before administrative remedies have been exhausted must be dismissed.  *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002).

"[T]he district court lacks discretion to resolve the claim on the merits." *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999). Failure to exhaust is an affirmative defense and the defendants bear the burden of pleading and proving it. *Massey*, 196 F.3d at 735; *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

### 1.4 Wisconsin's Inmate Complaint Review System

The Wisconsin Administrative Code provides that before an inmate may commence a civil action, the inmate shall exhaust all administrative remedies that the Department of Corrections has promulgated by rule. Wis. Admin. Code § DOC 310.05. The Inmate Complaint Review System (ICRS) is the administrative remedy available to Wisconsin inmates for complaints about prison conditions or the actions of prison officials. Wis. Admin. Code § DOC 310.01(2)(a). The ICRS is available for inmates to "raise significant issues regarding rules, living conditions, staff actions affecting institution environment, and civil rights complaints." Wis. Admin. Code § DOC 310.08(1). Chapter DOC 310 sets out rules and procedures for filing and processing of prisoner complaints.

First, an inmate must file a complaint with the inmate complaint examiner (ICE) within fourteen days after the occurrence giving rise to the complaint or show good cause for the ICE to accept a late complaint. Wis. Admin. Code §§ DOC 310.07(1) and 310.09(6). After reviewing and acknowledging each complaint in writing, the ICE investigates and either sends a recommendation to the "appropriate reviewing authority" or rejects the complaint. Wis. Admin. Code §§ DOC 310.11(2) and 310.11(11).

The ICE may reject a complaint if it has been brought for the purpose of harassment, does not invoke a significant issue, does not allege sufficient

facts, is brought more than fourteen days after the occurrence giving rise to the complaint without good cause, raises issues not affecting the inmate personally, is moot, has already been addressed by the ICRS or is outside the scope of the ICRS. Wis. Admin. Code § DOC 310.11(5). If the ICE rejects the complaint rather than sending a recommendation to the reviewing authority, the inmate may appeal within ten days, "only to the appropriate reviewing authority who shall only review the basis for the rejection of the complaint." Wis. Admin. Code § DOC 310.11(6). The appropriate reviewing authority's decision on the matter is final. *Id.*

### 1.5 Discussion

Exhaustion occurs only if "the prisoner completes the administrative process by following the rules the state has established for that process." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). In Wisconsin, the ICRS expressly provides a procedure for prisoners to raise civil rights complaints, and the plaintiff must use this procedure to address the issue raised in this case in order to meet the exhaustion requirements. In order to exhaust the administrative remedies in a case such as this, a prisoner must: (1) *properly* file a complaint regarding the subject matter of the suit with the ICE; (2) receive a decision from the appropriate reviewing authority; (3) file a timely appeal of the appropriate reviewing authority's decision with the corrections complaint examiner; and (4) receive a decision on that appeal from the Secretary of the Department of Corrections.

However, the plaintiff's offender complaint was improperly filed because the plaintiff filed it before the appeal of his disciplinary hearing had been decided. The ICRS may not be used to address an issue related to a conduct report unless the inmate has exhausted the disciplinary process of chapter DOC 303. Wis. Admin. Code § DOC 310.08(2)(a). The plaintiff's

offender complaint was rejected as outside the scope of the ICRS because it was premature. *See id.* The appeal of the rejection reviewed only the grounds for rejection, not the merits of the offender complaint.

The plaintiff suggests that it is impossible to reconcile the requirements of Wis. Admin. Code §§ DOC 303 and 310. He asserts that it is not possible to wait up to sixty days for a warden's decision on an appeal from a due process hearing, § DOC 303.76(7), and still timely file an ICRS offender complaint within fourteen days after the occurrence giving rise to the complaint, § DOC 310.09(6). The plaintiff preemptively decided that an offender complaint filed after the warden upheld his disciplinary appeal would have been untimely, even though the fourteen days may have begun running when the warden decided his disciplinary appeal or the resolution of the disciplinary appeal might have constituted good cause for the acceptance of a late complaint. *See* Wis. Admin. Code § DOC 310.09(6).

The plaintiff should have waited to file his offender complaint or filed another offender complaint after he had completed his appeal of the disciplinary proceedings. If the plaintiff had then received an unsatisfactory decision from the reviewing authority, he would have been able to appeal to the corrections complaint examiner. Only after taking this appeal and obtaining a decision from the Secretary of the Department of Corrections would the plaintiff have exhausted his remedies under the ICRS. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e from litigating." *Pozo*, 286 F.3d at 1024. The plaintiff made no effort to file an offender complaint with the ICE after his disciplinary appeal was complete. He did not give the ICRS a chance to address the merits of his

offender complaint and, as a result, failed to exhaust his administrative remedies.

**2.     Motion to Dismiss for Failure to State a Claim**

Because the defendants are entitled to summary judgment, the defendants' motion to dismiss will be denied as moot.

Accordingly,

**IT IS ORDERED** that the defendants' motion to dismiss for failure to state a claim (Docket #22) be and the same is hereby **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment for failure to exhaust administrative remedies (Docket #22) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** without prejudice, pursuant to 42 U.S.C. § 1997(e)(a); and

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of August, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge